WILLIAM H. VAN VANE, DEFENDANT IN ERROR, v. THE INHABITANTS OF THE TOWNSHIP OF CENTRE, IN THE COUNTY OF CAMDEN, PLAINTIFFS IN ERROR.

Submitted March 25, 1902—Decided June 16, 1902.

1. The township of Centre, in the county of Camden is, by virtue of the supplement of 1860 (*Pamph. L., p.* 554) to the Road act of 1846, excepted from the operation of section 20 of the supplement of 1859 (*Pamph. L., p.* 626; *Gen. Stat., p.* 2840) to said Road act, whereby townships in Camden and other counties were made liable for damage happening to persons or property by means of the insufficiency or want of repairs of the public roads therein.
2. The revision of the Road act in 1874 (*Gen. Stat., p.* 2803), saving said act of 1859 and the "supplements thereto" from implied re-peal, did not, by implication or otherwise, repeal said act of 1860, although it was entitled as a supplement not to the act of 1859, but to the Road act of 1846, expressly repealed by said revision. Both acts were supplementary to the act of 1846, and it was not the legislative intent to preserve the enactment of 1859 except as subsequently modified.
3. The case of *Dupuy* v. *Township of Union,* 17 *Vroom* 271, approved.

On error to the Supreme Court.

For the plaintiffs in error, *Francis D. Weaver.*

For the defendant in error, *Howard Carrow.*

The opinion of the court was delivered by

COLLINS, J.    The plaintiff below recovered verdict and judgment for damages happening to his person and property through the plunging, because of fright, of a horse he was driving along a public road in the township of Centre, in the county of Camden, into an unguarded ditch adjoining the driveway and about eight feet below it.

Without express statutory imposition liability for this injury could not legally be placed on the township.  *Condict* v. *Jersey City,* 17 *Vroom* 157; *Jewell* v. *Monmouth,* 23 *Id.* 553, and cases cited.

The statute relied on is a supplement to the Road act of 1846, which was approved March 23d, 1859.  *Pamph. L., p.* 626; *Gen. Stat., p.* 2840.

By the twentieth section of that statute it was enacted as follows:

"If any damage shall happen to any person or persons, his, her or their team, carriage or other property, by means of the insufficiency or want of repairs of any public road in any of the townships of this state, the person or persons sustaining such damage shall have the right to recover the same, with costs, in an action  *  *  *  against such township."
By the last section it was enacted that the provisions of the act should not apply in certain counties, of which Camden is not one.

At the trial, on motion to nonsuit, it was contended that the case did not fall within the terms of the statute, and that the place of the accident was really an approach to a bridge, and the liability, if any, that of the county.  We do not find it necessary to consider these contentions.  Another ground of the motion was unquestionably well taken, and, under the exception sealed on refusal of the nonsuit, the judgment must be reversed for a reason that is fatal to the action.

That reason is that the township of Centre, in the county of Camden, was, in 1860, by a further supplement to the Road act of 1846 (*Pamph. L., p.* 554), excepted from the operation of the act of 1859. The enactment was that the provisions of that statute should not apply to certain counties named, or to "the second assembly district of the county of Camden." Preceding, as it did, the restrictive amendments made in 1875 to the constitution, this legislation was valid. Centre township was, in 1860, within the second assembly district of Camden county. *Pamph. L.* 1852, *p.* 462; *Id.* 1855, *p.* 182. It has since been judicially declared that members of assembly must be elected by counties and not by districts; but as geographical designations such districts defined by statute must be recognized. *Mortland* v. *Christian,* 23 *Vroom* 521. The later repeal of all districting legislation does not affect the case.

The Road act of 1846 was expressly repealed in the revision of 1874. *Gen. Stat., p.* 3775, *pl.* 92. The revised act, found in *Gen. Stat., p.* 2803, in its ninety-ninth section, provides that nothing in the act contained shall in anywise repeal, alter or affect the above-cited supplement of 1859, "or the supplements thereto," but that such act "and its supplements" shall have the same force and effect as if it and they had been passed after the passage of the revised act and it and they had been supplements thereto. It is argued for the defendant in error that as the act of 1860 is not entitled as a supplement to the act of 1859, it is not saved; and that, if it did not fall with the act of 1846, it was repealed by implication by the enactment of the new law covering the whole subject of roads. It was not expressly repealed, and, so far as the question of municipal liability is concerned, the revised act, like the act of 1846, is silent. The repeal of a statute does not necessarily repeal its supplements. Whether they stand or fall depends on their character, as dependent or independent enactments. Several statutes, though in form supplements to the act of 1846, were considered by the compilers of the general statutes as still in force. *Gen. Stat., pp.* 2840, 2846.

But further, it is our judgment that the effect of section 99 was to preserve, not only the act of 1859, but all legislation having reference to it that was subsequent thereto. There is a host of modifying statutes. Most, if not all, of them are recited in a note at page 2844 of the general statutes. Some extend and some restrict the provisions of the act. Only one that I have found is entitled as a supplement to a supplement of the Road act; and it is doubtful if that of 1859 is meant, for it is not identified. *Pamph. L.* 1861, *p.* 179. Such entitling was inartificial. All the later legislation was, in fact, supplementary to the act of 1859. The constitutional requirement as to title was in each case complied with by the statement that the act concerned roads. Had there been no act of 1846, the legislation would have been valid. *Schmalz* v. *Wooley,* 12 *Dick. Ch. Rep.* 303. Curiously, notwithstanding the repeal of that act, the legislature for some years continued to pass acts entitled as supplements to it, instead of to the revised act. *Gen. Stat., p.* 2847 *et seq.*

Clearly it was not the legislative intent to preserve the enactment of 1859, except as subsequently modified.

The Supreme Court, in 1884, declared this view with respect to the same restricting supplement as applicable to the county of Bergen, although the exact point was perhaps not presented. *Dupuy* v. *Township of Union,* 17 *Vroom* 269. We approve that decision, which for nearly twenty years has stood unquestioned.

The judgment under review must be reversed.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, VAN SYCKEL, DIXON, COLLINS, FORT, GARRETSON, HENDRICKSON, PITNEY, BOGERT, KRUEGER, ADAMS, VREDENBURGH, VOORHEES, VROOM. 15.